UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SAMUEL DIAZ,<br>    Plaintiff,<br><br>    v.<br><br>LAURAN NICHOLSON, *Attorney General, in their individual and official capacity*; THOMAS GULICK; *in his individual and official capacity*; MAUREEN B KEOUGH, *Magistrate Judge, in their individual and official capacity*; RICHARD RASPALLO, *Magistrate Judge, in their individual and official capacity*; PETER NERONHA, *Director of Attorney General, in their individual and official capacity*,<br>    Defendants. | C.A. No. 23-186-JJM-PAS |

ORDER

Plaintiff Samuel Diaz has filed a Complaint (ECF No. 1) in this Court pursuant to 42 U.S.C. § 1983, alleging several violations of his constitutional rights. He has also applied to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2). With proceedings *in forma pauperis*, the Court is required to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Having done so, the Court concludes that Mr. Diaz has failed to state a claim on which relief may be granted by this Court.

The Court's text order of May 10, 2023, granting the Motion for Leave to Proceed in forma pauperis (ECF No. 2) is VACATED. Under the Prison Litigation

Reform Act ("PLRA"), 28 U.S.C. § 1915(g), in forma pauperis status is unavailable to a prisoner who has brought three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. In *Diaz v. State of Rhode Island*, et al. (21-cv-411-WES-PAS), the Court found that Mr. Diaz is a "three-striker" under the PLRA, and is ineligible proceed in forma pauperis in future civil actions, except for cases alleging that the prisoner is in imminent danger of serious physical injury. Plaintiff's Complaint falls outside the exception because it neither alleges imminent danger of physical harm nor seeks the alleviation of a threat of physical harm.

Even if Mr. Dias were not subject to the three-strikes rule, his case still does not pass review.

### *Legal Standard*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical with the standard used when ruling on a Rule 12(b)(6) motion. *Chase v. Chafee*, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011). "To state a claim on which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). In making this determination, the Court must accept a plaintiff's well-pled factual allegations as true and construe them in the light most favorable to him. *Id.* Although the Court must review pleadings of a *pro se* plaintiff liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court need not

credit bald assertions or unverifiable conclusions, *Chase*, 2011 WL 6826504, at *2. Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

"Section 1983 creates a remedy for violation of federal rights committed by persons acting under color of state law." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 40 (1st Cir. 2009) (internal quotation marks omitted). To maintain a § 1983 action, a plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief. *Iqbal*, 556 U.S. at 678. Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action. *Sanchez*, 590 F.3d at 41 (citing 42 U.S. C. § 1983).

## Discussion

Mr. Diaz names five Defendants, all of whom were involved in some way in his state criminal proceedings. His allegations include violations of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. However, the Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (internal footnote omitted); *see also id.* at 489 ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). Thus,

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487.

Mr. Diaz has not shown that his state convictions and/or sentences have been invalidated. He states that his application for state postconviction relief was denied (ECF No. 1 at 55), and the Court denied his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. S*ee* C. A. No. 20-383-MSM. Therefore, under *Heck*, the Court may not award monetary damages of any kind.

In short, Mr. Diaz has failed to state a claim cognizable in this Court. The Complaint is therefore DISMISSED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

May 12, 2023